THE FAJARDO SUGAR GROWERS' ASSOCIATION, RECURRENTE, *v.*
EL REGISTRADOR DE HUMACAO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Pro-
piedad de Humacao inscribiendo con defectos subsanables
una escritura de compraventa.

No. 285.—Resuelto en julio 27, 1916.

ASOCIACIONES—SÍNDICOS O TRUSTEES—COMPRA DE PARTICIPACIONES INDIVISAS—
DEFECTO SUBSANABLE.—Cuando los síndicos o *trustees* de una asociación ad-
quieren ciertas participaciones dominicales indivisas en fincas rústicas, la
inscripción que a favor de los mismos se haga en el registro debe reputarse
hecha a favor de la asociación, y por tanto no constituye defecto subsanable
en tal caso la falta de expresión en el título de la parte proporcional que cada
síndico o *trustee* adquiere en los condominios.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Luis Muñoz Morales.*

El registrador recurrido Sr. Raúl Benedicto compareció
en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Por escritura No. 49 otorgada en esta ciudad de San Juan
a 1°. de junio del corriente año 1916 ante el notario don Luis
Muñoz Morales, Mr. George D. Graves en concepto de apode-
rado de Mr. William B. Churchman vendió a Mr. James H.
Post, Mr. James Bliss Coombs y Mr. Lorenzo D. Armstrong,
como síndicos o *trustees* de la sociedad comercial privada
"The Fajardo Sugar Growers' Association," representados

por su apoderado Don Jorge Bird Arias, una participación pro-indiviso de tres octavas partes en cada una de las dos fincas que se describen en dicha escritura radicadas en el término municipal de Naguabo.

Presentado el anterior documento al Registrador de la Propiedad de Humacao para su inscripción en el registro, se verificó ésta en los términos expresados en la nota que transcribimos a continuación:

"Inscrito este documento en los tomos 20 y 13 de Naguabo, a los folios 194 vto., y 205, fincas números 511 quintuplicado y 361 duplicado inscripciones 17.ª y 11.ª, respectivamente, con los defectos subsanables de no haberse acreditado el carácter de Don Jorge Bird Arias como apoderado de los compradores, y no decirse la proporción en que éstos adquieren los condominios vendídosles. Humacao, P. R., quince de junio de 1916. Raúl Benedicto, Registrador de la Propiedad."

Esa nota ha sido recurrida para ante esta Corte Suprema por "The Fajardo Sugar Growers' Association" representada por su abogado Don Luis Muñoz Morales.

La única cuestión a discutir y resolver en el presente recurso es si los síndicos o *trustees* de "The Fajardo Sugar Growers' Association" adquirieron para ésta según sostiene la representación de la parte apelante, o para sí según afirma el registrador recurrido.

La simple lectura del documento de que se trata muestra que James H. Post, James Bliss Coombs y Lorenzo D. Armstrong adquirieron como síndicos o *trustees* de "The Fajardo Sugar Growers' Association" y que, por tanto, adquirieron para dicha asociación y no para ellos personalmente. La inscripción que a favor de los mismos se haga en concepto de síndicos o *trustees* de "The Fajardo Sugar Growers' Association" debe reputarse hecha a favor de la asociación misma.

Siendo ello así, no era necesario expresar en la escritura la parte proporcional que cada uno de los síndicos adquirió en los condominios vendídosles, y, por tanto, no existe el defecto que por falta de dicha expresión anota el registrador.

El otro defecto consistente en no haberse acreditado la representación de Don Jorge Bird Arias no es materia del presente recurso.

No se ha levantado la cuestión de si hubiera sido defecto subsanable la omisión de no acreditar los síndicos o *trustees* de "The Fajardo Sugar Growers' Association," su carácter de tales al verificar por su apoderado Don Jorge Bird Arias la compra de los condominios de que se trata.

Por las razones expuestas procede la revocación de la nota recurrida en cuanto al defecto que en ella se consigna de no decirse la proporción en que los compradores adquieren los condominios vendídosles.

> *Revocada la nota recurrida en cuanto a uno de los defectos apuntados, quedando subsistente en cuanto al otro defecto.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.